IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID ANTHONY MILAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-00747-MJR |
| ) | |
| MICHAEL KORIEN, ) | |
| DAVID PLUFKA, ) | |
| GLASS & KORIEN, and ) | |
| KEEFFE & GRIFFITHS PC, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

**REAGAN, Chief District Judge**:

On June 8, 2015, David Milan filed a *pro se* complaint in the United States District Court for the Southern District of Indiana against Michael Korien and David Plufka, two attorneys who purportedly engaged in malpractice while representing Milan in an Illinois workers' compensation matter. With his complaint, Milan moved for leave to proceed *in forma pauperis*—in other words, to proceed as a pauper who would pay the Court's filing fee in installments rather than all at once. The case was transferred from the Indiana court to this Court for venue reasons on July 9, 2015. On November 2, 2015, the Court ordered Milan to file an amended complaint that included jurisdictional allegations for the defendants, as well as a supplemental pauper motion that clarified Milan's income and bank balances. Milan filed a new pauper motion on November 12, 2015 and an amended complaint on December 22, 2015, and his pauper motions and the sufficiency of his jurisdictional allegations are now before the Court for review.

1

As the Court said in its last order, federal courts are courts of limited jurisdiction—they can only hear cases when authorized to do so by the United States Constitution and by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, **511 U.S. 375, 377 (1994).** Because federal courts operate on a limited grant of jurisdiction, they have an independent responsibility to ensure that they have jurisdiction to hear a case, and an obligation to resolve jurisdictional doubts before proceeding to the merits. *Crawford v. United States*, **796 F.2d 924, 929 (7th Cir. 1986).** Milan's complaint seemingly raises state law legal malpractice claims, so the federal courts could only hear the case if the action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000. *See* **28 U.S.C. § 1332.** Milan's initial complaint was foggy on the citizenship of the parties, but his amended complaint cleans things up, at least enough for the Court's provisional jurisdictional review. The amended complaint indicates that Milan and the defendants are residents of different states and seeks damages in excess of $75,000, so the Court appears to have jurisdiction to hear the case.

With the provisional jurisdictional hurdle cleared, the only remaining question is whether Milan must pay the Court's filing fee at the time he filed suit or if he can proceed as a pauper who will pay the Court's filing fee in installments. *See* **28 U.S.C. § 1915(a)(1).** Two points need to be resolved before *in forma pauperis* status can be granted: the plaintiff must show that he is indigent by submitting an affidavit "that includes a statement of all assets [he] possesses [showing] that [he] is unable to pay such fees or give security therefor," and the plaintiff's complaint must "state a claim on which relief may be granted." **28 U.S.C. § 1915(e)(2).** Milan has shown that he is

indigent, so the remaining question for purposes of his pauper motion is whether his complaint should be dismissed at the outset as frivolous. While Milan's amended complaint is not perfect, construing his *pro se* complaint liberally and taking the complaint's allegations with the first two attachments to it, the Court cannot say at this stage that all aspects of the complaint are entirely without merit. Accordingly, the Court **GRANTS** Milan's motions for leave to proceed *in forma pauperis* (Docs. 2 & 13.) (This order in no way precludes the defendants from moving to dismiss once served.)

One closing note is in order regarding service. No motion is presently before the Court seeking assistance with service, so the Court will leave it to Milan to serve the defendants within the requirements of the federal rules. If Milan fails to serve the defendants in a timely fashion, this action may be dismissed under Federal Rule of Civil Procedure 41. Of course, Milan is free to file a motion for service of process at government expense, and to assist him if he decides to do so the **CLERK** is **DIRECTED** to send Milan a form motion for service of process at government expense.

**IT IS SO ORDERED.**

DATED:  January 15, 2016

/s/ **Michael J. Reagan**
**Chief Judge Michael J. Reagan**
**United States District Court**