IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAVID ANTHONY MILAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-747-MJR-DGW |
| | ) | |
| MICHAEL KORIEN, DAVID PLUFKA, GLASS & KORIEN, and KEEFFE & GRIFFITHS PC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion for Recruitment of Counsel filed by Plaintiff, David Anthony Milan, on October 19, 2016 (Doc. 54) and the Motion to Proceed and Support Findings filed by Plaintiff on October 28, 2016 (Doc. 55). The Motion for Recruitment of Counsel is **DENIED WITHOUT PREJUDICE** and the Motion to Proceed is **DENIED WITH PREJUDICE**.

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case –

factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff has met the threshold burden of showing that he has attempted to secure counsel without Court assistance. However, counsel will not be recruited in this matter at this time. Plaintiff represents that he has a high school education but does not indicate in his Motion why he requires counsel to represent him in this matter. From Plaintiff's filings, it is clear that he can read and write English, that he understands and is capable of following the directions of the Court (*See* Docs. 14, 15, 16, and 17), and that he is otherwise familiar with the particulars of his case. The Court further notes that currently pending are Motions to Dismiss to which Plaintiff has responded. Plaintiff may refile this motion once the motions to dismiss are resolved. In any future motion, Plaintiff should indicate why he needs an attorney to assist in the prosecution of this matter.

In Plaintiff's Motion to Proceed, he appears to state that he should not have to cooperate in discovery because Defendants are not cooperating. Plaintiff is required, by the Federal Rules of Civil Procedure, to respond to properly served discovery requests. This means that he must respond, in writing and within 30 days of service, to requests of produce and interrogatories. Plaintiff should review Federal Rules of Civil Procedure 33 and 34. The fact that Plaintiff does not have counsel <u>is not an excuse</u> for failing to timely respond to proper discovery requests. Despite Plaintiff's *pro se* status, he must comply with the Federal Rules of Civil Procedure.

Plaintiff is **WARNED** that if he fails to respond to proper discovery requests in a timely manner, or fails to appear for his deposition, he may be subjected to sanctions as provided by Rule 37 which may include dismissal of this lawsuit. If Plaintiff requires more time to respond to discovery requests, he should either come to an agreement with Defendants' counsel or file a motion for extension of time with the Clerk of Court.

The Clerk of Court is in receipt of a "Rule 30 Notice of Deposition of Defendant, Michael Korien and David Plufka" signed by Plaintiff on October 25, 2016. This document purports to be a Rule 30(b) notice of deposition. The notice should not be filed with the Court but rather should be served upon Defendants. Merely mailing documents to the Court does not constitute service. Plaintiff is informed that the document will not be filed in this matter.

Finally, the court notes that Plaintiff does not file a Certificate of Service with any of the Motions filed with the Court. Plaintiff is **ORDERED** to file Certificates of Service along with any document that he files with the Clerk of Court. Plaintiff is directed to the Court's webpage, www.ilsd.uscourts.gov, and the "Rules and Form" tab for various fillable forms, including one for certificate of service. In addition, Plaintiff should download and review the "Pro Se Litigant Guide."

**DATED: October 28, 2016**

                                           **DONALD G. WILKERSON**
                                           **United States Magistrate Judge**