**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DAVID ANTHONY MILAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-cv-0747-MJR-DGW** |
| | ) | |
| **MICHAEL KOREIN,** | ) | |
| **GLASS & KOREIN, LLC,** | ) | |
| **DAVID PLUFKA, and** | ) | |
| **KEEFE & GRIFFITHS, PC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

David Milan brings this state law legal malpractice claim, invoking diversity jurisdiction, against his former attorneys. Milan was injured in a workplace accident in March 2009. He hired the defendants, first Michael Korein[1] and Glass & Korein, LLC ("G&K") then later David Plufka and Keefe & Griffiths ("K&G"), to assist him with filing a worker's compensation claim. Milan believes his former attorneys hindered his ability to pursue his claim and to receive medical treatment for his injuries. He also believes both Korein and Plufka stole money from him and that Plufka lied to him to induce him to sign a fraudulent settlement agreement.

On April 22, 2016, Defendants Korein and G&K filed a motion to dismiss, arguing that the statute of limitations expired before Milan filed suit (Doc. 31).

[1] Milan's amended complaint misspells the names of defendants, referring to them as Michael Korien, Glass & Korien, and Keeffe & Griffiths PC. Subsequent filings show that the proper spelling of "Korien" is Korein and that the proper spelling of "Keeffe" is "Keefe." The Court will direct the Clerk to correct these misspellings. Future filings by the parties should reflect the corrected spellings.

Defendants Plufka and K&G filed their motion to dismiss (Doc. 36) on May 3, 2016. Milan filed responses, and in one instance a sur reply, to each motion (Docs. 37, 38, 40, 42). The parties also have filed multiple motions seeking various forms of relief, including three motions to strike, that are now before the Court. These motions will be addressed before moving to the substance of the motions to dismiss.

As a preliminary matter, Federal Rule of Civil Procedure 7 and Local Rule 7.1 govern motion practice. Importantly, the rules require that a motion state its grounds with particularity and set forth the relief sought by the moving party. The rules also set deadlines for the parties to file responses or replies. Milan filed two responses to Defendants Korein and G&K's motion to dismiss. The motion to dismiss was filed on April 22, 2016. Under Local Rule 7.1(c), a party has 30 days after service to file a response to a motion to dismiss. Milan first filed a timely response to the motion to dismiss on May 4, 2016 (Doc. 37), and then filed a supplemental response on August 23, 2016 (Doc. 42), without explanation or leave to do so. No reply was filed by Korein and G&K between May and August that would necessitate a new response, and Milan does not offer good cause for filing a second response. Simply put, the supplemental response is untimely. It will not be considered by the Court. Korein and G&K filed a motion to strike Milan's supplemental response (Doc. 45). In light of the Court's decision not to consider the supplemental response, the motion to strike is DENIED as MOOT.

On September 6, 2016, Milan filed a "motion" for leave to file exhibits (Doc. 46). The motion is a list with the heading "Ex[h]ibit" that describes a number of documents,

which are then attached. The motion runs afoul of the basic requirement of Rule 7: it states no legal grounds for filing the exhibits, and it does not seek any relief. Similarly, Milan filed two motions to continue on September 14 (Doc. 47) and September 15 (Doc. 49) that are nearly identical and do not seek to continue any scheduled setting or deadline. In paragraph 8 of each motion, Milan "ask[s] this court to please disregard this attorney Daniel Cray's request," without any explanation or intimation to which request Milan refers, leaving the Court to speculate as to the relief Milan seeks. *Pro se* plaintiffs' pleadings are to be construed liberally, however, in this instance, that principle cannot save Milan's motions. They do not state grounds for the motions with particularity and do not set forth the relief sought. Milan's motion for leave to file exhibits (Doc. 46) and motions to continue (Docs. 47, 49) are DENIED. The exhibits will not be considered by the Court. Korein and G&K moved to strike these motions. Having already denied the motions, the motion to strike (Doc. 53) is DENIED as MOOT.

On November 7, 2016, Milan filed a motion to change venue (Doc. 59), a motion to release power of attorney (Doc. 60), and a motion for extension of time to file discovery (Doc. 61). On November 18, 2016, he filed a motion to reopen his worker's compensation claim (Doc. 62). Plufka and K&G moved to strike all four motions (Doc. 63). In his motion to change venue, Milan recounts a number of complaints about proceeding *pro se* and reiterates allegations from his amended complaint. He does not cite a provision of the change of venue statute, 28 U.S.C. § 1404, that supports transferring the action to another district, nor does he state sufficient grounds for the transfer. Milan's motions to release power of attorney and to reopen his worker's

compensation claim likewise reiterate his general allegations without providing grounds to support a grant of any specific relief. Again, Milan leaves the Court guessing as to what it is that he requests and why. Accordingly, pursuant to Rule 7 and Local Rule 7.1, the motions to change venue, to release power of attorney, and to reopen worker's compensation claim are DENIED. In light of these rulings, Plufka and K&G's motion to strike (Doc. 63) is DENIED as MOOT with respect to these three motions (Docs. 59, 60, 62). Milan's motion for extension of time to file discovery, on the other hand, clearly states the relief he seeks and the reason he requests that relief. Accordingly, the motion to strike is DENIED on the merits with respect to the motion for extension of time to file discovery. The motion for extension of time to file discovery (Doc. 61) remains pending before Magistrate Judge Wilkerson.

Remaining before the Court are the two motions to dismiss filed by Defendants both arguing for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), a district court may consider any facts set forth in the complaint, including information provided in the exhibits attached to the complaint. *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) (citations omitted); *see* Fed. R. Civ. P. 10(c). In weighing dismissal under 12(b)(6), a plaintiff's well-pleaded allegations are accepted as true and are viewed in the light most favorable to the plaintiff. *Santiago v. Wells,* 599 F.3d 749, 756 (7th Cir. 2010). In addition to accepting Milan's allegations as true, the Court construes his *pro se* pleadings liberally. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Defendants Michael Korein and Glass & Korein argue that Milan's claim against them is barred by the applicable statute of limitations. For state law claims that are in the federal courts based on diversity of citizenship, state statutes of limitations apply. Under Illinois law, an "action for damages based on tort, contract, or otherwise (i) against an attorney arising out of an act or omission in the performance of professional services . . . must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought." 735 ILCS 5/13-214.3(b).

In support of their motion, Korein and G&K attach a Request for Investigation submitted to the Illinois Attorney Registration and Disciplinary Commission (ARDC) on or about June 19, 2013, and ask that the Court take judicial notice of the document. They argue that the document shows that Milan had knowledge of the wrongful conduct he alleges in his complaint in June 2013 and that the statute of limitations expired in June 2015, months before Miled filed his amended complaint on December 22, 2015. Defendants ignore that Milan filed his original complaint on June 8, 2015. The original complaint was dismissed, and Milan was ordered to amend the complaint to allege jurisdiction in addition to facts if he wished to proceed with this case (*See* Doc. 12). The amended complaint asserts claims that Milan attempted to plead in his original complaint. It relates back to the original complaint filed June 8, 2015, so that is the date that must be used when assessing whether Milan filed suit before the statute of limitations expired. *See* Fed. R. Civ. P. 15(c)(1)(B).

Without considering the exhibits attached to the motion to dismiss, Milan's complaint includes enough factual allegations to determine that Korein and G&K are correct in their contention that Milan filed suit against them after the expiration of the statute of limitations. Milan does not plead a date when he first became aware of the alleged wrongful conduct by Korein and G&K, but it can be inferred from his factual allegations, including those made in the exhibits attached to the amended complaint. At the time he hired Plufka, Milan told him that he fired Korein for trying to steal his "work comp checks" (Doc. 15-1), so it follows that Milan knew of Korein's alleged malpractice when he hired Plufka. Milan attaches a request for investigation submitted to the ARDC (Doc. 15-7), different from the document Defendants attached to their motion, in which he states that he hired David Plufka in 2011. Further shedding light on the timeline of when Milan fired Korein for stealing from him are Milan's allegations about dealing with homelessness in 2012 and signing settlement documents in 2013. (Doc. 15-1). When Milan had issues with homelessness at the end of 2012, he contacted Plufka for assistance, and, on March 5, 2013, Milan signed an allegedly fraudulent "Illinois Workers' Compensation Commission Settlement Contract Lump Sum Petition and Order" (Doc. 15-8) with Plufka serving as his counsel. By the time the settlement documents were signed, Plufka was representing Milan, and Milan knew of the alleged injury caused by Korein.

Defendants ask the Court to take judicial notice of the ARDC documents attached to their motion to dismiss, but it is not necessary to do so. Even construing Milan's amended complaint liberally and drawing reasonable inferences in his favor,

Milan's knowledge of the alleged malpractice predates June 2013. Because Milan filed his original complaint on June 8, 2015, more than two years after he was aware of the alleged malpractice by Korein and G&K, his claim is barred by the statute of limitations. The Court declines to take judicial notice of the defendants' exhibits. Defendants Korein and G&K's motion to dismiss (Doc. 31) is GRANTED. Milan's claims against Korein and Glass & Korein, LLC are dismissed with prejudice.

Defendants David Plufka and Keefe & Griffiths, P.C. move to dismiss Milan's amended complaint, first arguing that Milan's amended complaint must be dismissed because it violates the Court's order that Milan submit one complete amended complaint. On November 2, 2015, the Court ordered Milan to file an amended complaint because his first complaint did not include a jurisdictional section. (Doc. 12). Milan was instructed to incorporate the jurisdictional section into his amended complaint and to file a single document that contained both his factual allegations and a basis for jurisdiction. When Milan filed his amended complaint on December 22, 2015, he included both components, complying with the Court's earlier order. While the amended complaint is not perfect, it is not three separate complaints and does not violate this Court's order to submit one complete complaint.

Plufka and K&G also ask the Court to dismiss Milan's lawsuit because they are not state actors and Milan's amended complaint contains headings that identify it as a "civil rights complaint." When Milan was granted leave to proceed *in forma pauperis*, his suit was construed as a state law malpractice claim that the Court has jurisdiction to hear because Milan alleges diversity jurisdiction. This case does not allege a civil rights

claim, despite the headings Milan used. The form Milan used to submit the main allegations appears to have been sent to him by the Court (*see* Doc. 14). That he opted to use it will not be held against him as grounds for dismissal.

Finally, Plufka and K&G argue Milan failed to sufficiently plead facts necessary to pursue his claim of legal malpractice, seeking review under ***Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)**, and ***Ashcroft v. Iqbal*, 556 U.S. 662, 698 (2009)**. These cases teach, among other things, that a complaint must include enough factual content to give the opposing party notice of what the claim is and the grounds upon which it rests. To satisfy the notice-pleading standard of Rule 8, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief" in a manner that provides the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555 and quoting Fed. R. Civ. P. 8(a)(2)). Even after *Twombly*, however, courts must "construe pro se complaints liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)(citing *Erickson*, 551 U.S. at 94 and *Obriecht v. Raemisch*, 517 F.3d 489, 491 n. 2 (7th Cir. 2008)). A reviewing court must "examine whether the allegations in the complaint state a 'plausible' claim for relief." *Arnett*, 658 F.3d at 751 (citing *Iqbal*, 556 U.S. at 677-78). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," rather than providing allegations that do not rise above the speculative level. *Id.* Under *Twombly*, a "well-pleaded complaint may proceed

even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

Under Illinois law, to state a claim for legal malpractice, Milan must plead, in essence, that Plufka and K&G owed him a duty of care arising from their attorney-client relationship, that Plufka and K&G breached that duty, and that their breach is the proximate cause of an injury to Milan. The injury in a legal malpractice claim is a "pecuniary injury to an intangible property interest caused by the lawyer's negligent act or omission." *Tri-G, Inc. v. Burke, Bosselman & Weaver*, 856 N.E.2d 389, 394 (Ill. 2006). Milan must plead that, absent Plufka and K&G's breach of their duty of care, Milan "would have been compensated for an injury caused by a third party." *Tri-G, Inc. v. Burke, Bosselman & Weaver*, 856 N.E.2d 389, 395 (Ill. 2006). Plufka and K&G do not contest the existence of an attorney-client relationship that established a duty on their part. Instead, they claim that Milan did not plead sufficient facts to show that they breached that duty and that their breach was the proximate cause of an injury to Milan.

Milan's allegations against Plufka and K&G, while imperfect, are not so vague as to run afoul of the pleading requirements of Rule 8. Milan alleges that he hired Plufka after being dissatisfied with his original counsel, Defendant Korein. Milan says he told Plufka that he needed help getting medical attention for his injuries, but Plufka instead opted to pressure Milan to settle his worker's compensation claim. According to Milan, he eventually settled his claim, but only under duress and after Plufka lied to him and gave him falsified settlement documents. Milan also alleges that he has not been paid

for his worker's compensation claim due to Plufka's dishonest representation. He believes that Plufka stole, or is stealing, the money he is owed.

Plufka, of course, disputes these allegations, instead arguing that he did not breach his duty because he helped Milan pursue and settle his worker's compensation claim at a time when Milan needed the money. If, however, Milan's claims are true, he alleges facts to establish the basic elements of a legal malpractice claim. The amended complaint contains a sufficient outline of the alleged malpractice by Plufka and K&G to provide them with notice of Milan's claim and its basis. Milan establishes that there was an attorney client relationship, that he believes Plufka and K&G breached a duty they owed him by being deceitful and stealing money from him, and that, as a result of their actions, he did not receive money he was owed due to his workplace injury. The amended complaint, when construed liberally, meets the pleading requirements of Rule 8. Accordingly, Defendants Plufka and G&K's motion to dismiss is DENIED.

## Conclusion

Milan's amended complaint misspells the names of defendants, referring to them as Michael Korien, Glass & Korien, and Keeffe & Griffiths PC. Subsequent filings show that the proper spelling of "Korien" is Korein and that the proper spelling of "Keeffe" is "Keefe." The **CLERK is DIRECTED** to correct the spelling of the parties' names. Future filings by the parties should reflect the corrected spellings.

Defendants Korein and Glass & Korein, LLC's motion to dismiss (Doc. 31) is GRANTED due to the expiration of the applicable statute of limitations. The action is dismissed with prejudice as to Korein and Glass & Korein, LLC only. Defendants Plufka

and Keefe & Griffiths, P.C.'s motion to dismiss is DENIED. Milan's motion for leave to file exhibits (Doc. 46), motions to continue (Docs. 47, 49), motion to change venue (Doc. 59), motion to release power of attorney (Doc. 60), and motion to reopen worker's compensation claim (Doc. 62) are DENIED for failing to state grounds on which the Court can grant the relief sought. In light of the Court's rulings, including the decision not to consider Milan's second response to their motion to dismiss (Doc. 42), Korein and Glass & Korein, LLC's motions to strike (Docs. 45, 53) are DENIED as MOOT. Plufka and Keefe and Griffiths, PC's motion to strike (Doc. 63) is DENIED as MOOT as to the motion to change venue, motion to release power, of attorney, and motion to reopen worker's compensation claim. The motion to strike is DENIED on the merits as to Milan's motion for an extension of time to file discovery (Doc. 61). That motion remains pending before Judge Wilkerson.

**IT IS SO ORDERED**.

DATED: December 14, 2016

*s/ Michael J. Reagan*
MICHAEL J. REAGAN
**Chief Judge**
**United States District Court**